NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NAUSET CONSTRUCTION CORPORATION,**
*Appellant*

**v.**

**SECRETARY OF THE ARMY,**
*Appellee*

---

2021-2305, 2022-1853

---

Appeals from the Armed Services Board of Contract Appeals in Nos. 61673, 61675, Administrative Judge Lis B. Young, Administrative Judge Owen C. Wilson, Administrative Judge Richard Shackleford.

---

Decided:  March 4, 2024

---

JOHN JOSEPH MCNAMARA, Lane McNamara LLP, Southborough, MA, argued for appellant.  Also represented by ELISE M. KUEHN.

WILLIAM JAMES GRIMALDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, FRANKLIN E. WHITE, JR.

––––––––––––––

Before REYNA, TARANTO, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Nauset Construction Corp. appeals the final decision of the Armed Services Board of Contract Appeals, which dismissed Nauset's appeal of a default termination of a government contract as untimely under the Contract Disputes Act. In particular, Nauset challenges the Board's fact findings that (1) Nauset was not prejudiced by the appeal notice provided in the government's termination letter; and (2) the government's behavior following the termination letter did not vitiate the finality of the termination letter. Because the Board's findings are supported by substantial evidence, we affirm the Board's dismissal.

## BACKGROUND

On November 1, 2013, the National Guard Bureau awarded a contract to Nauset to build the Guard's Unit Training Equipment Site Project in Camp Edwards, Massachusetts. On November 17, 2017, the contracting officer terminated Nauset's contract for default. The termination letter stated: "[T]he Government is completely Terminating Nauset for Default . . . . This notice constitutes such decision, and Nauset has the right to appeal under the Disputes clause of the contract." J.A. 348. The termination letter, however, did not include the specific notice of appeal rights language required by Federal Acquisition Regulation (FAR) 33.211(a)(4)(v). Specifically, under that applicable FAR provision, the termination notice was required to contain language notifying the contractor that they "may appeal [the] decision to the agency board of contract appeals . . . within 90 days" of receipt of the decision or, alternatively, "bring an action directly in the United States Court of Federal Claims." FAR 33.211(a)(4)(v).

Within 90 days of receipt of the termination letter, Nauset submitted two letters to the contracting officer. First, on January 17, 2018, Nauset submitted a letter titled "Response to Termination of November 17, 2017 and Certified Termination Claim and Request for Final Decision under the Contract Disputes Act." J.A. 357. In this letter, Nauset disputed the termination and stated that it intended to submit a claim for costs. Nauset also stated that it "takes exception to the government's decision to termination for default . . . [and that it] will continue to vehemently invest every available resource to support [its] Claim, [its] position and reputation." J.A. 370. The contracting officer acknowledged receipt of this letter by email stating "Email received." J.A. 411. Then, on February 12, 2018, Nauset submitted a "Claim for Extended Time and Unpaid Completed Contract Work – Part 2 and Wrongful Termination." J.A. 372. In the "Wrongful Termination" section of the letter, Nauset stated that it "intends to defend its position and prove that the government's decision to terminate was based on . . . circumstances . . . beyond [its] control" and that it "submits this wrongful termination claim in accordance with the Contract Disputes Act." J.A. 374–75. The contracting officer again acknowledged receipt via email stating "Received." J.A. 413.

On June 27, 2018, 222 days after the termination notice, Nauset appealed the decision to the Board. J.A. 129. The government filed a motion to dismiss, arguing that Nauset's appeal of the termination for default was untimely. Nauset replied that its appeal was not time-barred because, among other things, the government gave inadequate notice of Nauset's appeal rights and Nauset reasonably and detrimentally relied on the lack of notice and was thus prejudiced by the lack of notice. In addition, Nauset asserted that the government's conduct following the termination vitiated the finality of the termination for default. The Board rejected each of these arguments and ultimately dismissed Nauset's appeal as untimely. *See Nauset*

*Construction Corp.*, ASBCA Nos. 61673, 61675, 21-1 BCA ¶ 37852, 2021 WL 2029232 (May 5, 2021) (*Board Decision*).

Nauset appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(10).

## DISCUSSION

On appeal, Nauset argues that the Board erred in finding that the termination notice did not prejudice Nauset. Alternatively, Nauset asserts that the Board erred in finding that the government's conduct did not vitiate the finality of the termination. We address each argument in turn below.

Our review of the Board's decision is limited by statute. Under the Contract Disputes Act, we review the Board's legal determinations de novo and we may only set aside the Board's findings of fact if they are "(A) fraudulent, arbitrary, or capricious; (B) so grossly erroneous as to necessarily imply bad faith; or (C) not supported by substantial evidence." 41 U.S.C. § 7107(b)(2). Whether the termination letter prejudiced Nauset presents a question of fact that we review for substantial evidence. *See Bannum, Inc. v. United States*, 404 F.3d 1346, 1353 (Fed. Cir. 2005) ("Prejudice is a question of fact."); *see also Godley v. United States*, 5 F.3d 1473, 1476 (Fed. Cir. 1993) (stating that whether the appellant suffered prejudice was a factual question). Similarly, whether the government's actions vitiated the finality of the termination letter, or in other words, whether Nauset could reasonably believe that the contracting officer was reconsidering her decision, is a question of fact reviewed for substantial evidence. *See Ra-Nav Lab'ys, Inc. v. Widnall*, 137 F.3d 1344, 1346, 1348 (Fed. Cir. 1998) (determining that substantial evidence supports the ASBCA's finding that the government's conduct following termination did not vitiate the termination of the contract); *Am. Elec. Lab'ys, Inc. v. United States*, 774 F.2d 1110, 1116 (Fed. Cir. 1985) (determining whether substantial evidence supports the ASBCA's finding that a

party's reliance on the government's conduct was unreasonable).

I

Substantial evidence supports the Board's finding that there was no prejudice or detrimental reliance here. While the termination notice was technically deficient under FAR 33.211(a)(4)(v), the notice stated that "Nauset has the right to appeal under the Disputes clause of the contract." J.A. 348. It was reasonable for the Board to determine that this provided sufficient information to allow Nauset to look to the disputes clause of the contract, which would have ultimately led Nauset to 41 U.S.C. § 7104, stating Nauset's appeal rights. In addition, while not necessary to our decision, the record also shows that Nauset's counsel reviewed the termination decision and conducted research on Nauset's appeal rights under FAR.

Nauset argues that this finding is inconsistent with the Board's finding that Nauset was confused and did not understand that the termination notice starts the 90-day appeal clock. But, as Nauset's counsel admitted at oral argument, any prejudice or detrimental reliance must be reasonable. *See* Oral Arg. at 3:06–3:45, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=21-2305_12082023.mp3; *see also J-Way Southern, Inc. v. U.S. Army Corps of Engs.*, 34 F.4th 40, 48 (1st Cir. 2022) (finding that the party's asserted detrimental reliance on a termination notice was unreasonable) (citing *J-Way Southern, Inc. v. United States*, 516 F. Supp. 3d 84, 91 (D. Mass. 2021)). Here, while Nauset may have been confused, substantial evidence supports the Board's finding that such confusion would have been unreasonable given the clear path from the termination notice to the FAR provision that provides Nauset's appeal rights. Specifically, the termination notice pointed Nauset to the disputes clause of the contract, which incorporated FAR 52.233-1 (2002). FAR 52.233-1 explains that the contract is subject to the Contract Disputes Act,

formerly at 41 U.S.C. §§ 601–13. A quick search for the Contract Disputes Act would lead Nauset to the current version found at 41 U.S.C. §§ 7101–09, with § 7104 providing information on appeal rights. Thus, while the notice of appeal was technically defective, Nauset's appeal rights were reasonably discernible, and substantial evidence supports the Board's weighing of the evidence and finding that it is hard to imagine that Nauset would not know of its appeal rights by exercising a little diligence. *See, e.g.*, *J-Way Southern*, 34 F.4th at 49 ("[F]rom the adequate-notice standpoint, [the termination notice] provided the relevant regulatory and statutory breadcrumbs a reader could (and should) follow to find the appellate logistics.").

## II

For the reasons below, we also hold that substantial evidence supports the Board's finding that the government's conduct did not vitiate the finality of the termination decision. Nauset argued that it reasonably believed that the contracting officer was reconsidering the termination decision based on the contracting officer's emails acknowledging receipt of Nauset's January 17, 2018 and February 12, 2018 letters, as well as a letter from the contracting officer on March 26, 2018, stating that she was still reviewing Nauset's February 12 claim. Nauset also pointed to communication between its attorney and government counsel on November 28, 2017 and communications with the government starting in April 2018 as support for its belief. The Board did not consider the communications after February 15, 2018—the end of the 90-day appeal window—stating that "[i]t is well settled that the government's actions must have occurred within the 90-day jurisdictional window in order to vitiate the finality of the termination." *Board Decision*, 2021 WL 2029232. The Board ultimately found that Nauset did not provide sufficient evidence to demonstrate that it reasonably could have concluded that the contracting officer was reconsidering the termination decision.

At the outset, we hold that the Board erred in holding as a matter of law that evidence of events that occurred after the 90-day appeal window are per se irrelevant to this factual inquiry. While we recognize that such evidence most often will have no bearing on an appellant's understanding of the finality of the contracting officer's decision during the appeal window, it cannot be said that such evidence will never have any bearing on the issue. The Board's per se rule is therefore incorrect, and further, not supported by our precedent. The Supreme Court has cautioned against such rigid per se rules in other instances. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014) (rejecting a per se framework as "unduly rigid"); *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 415, 419–20 (2007) (rejecting a "rigid approach" and cautioning against "transform[ing] [a] general principle into a rigid rule"); *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 738 (2002) (stating that doctrine is to be applied in a "flexible way, not a rigid one"). The Board's error here, however, was harmless. Our review of the evidence, including the post-90-day appeal window evidence, confirms the Board's view that in this case, Nauset could not have reasonably concluded that the contracting officer's termination decision was being reconsidered prior to the appeal deadline.

In other words, the Board's finding that the contracting officer's conduct did not vitiate the finality of the termination decision is supported by substantial evidence. When Nauset asked the contracting officer to reconsider the termination decision, the contracting officer's emails stated "Email received" and "Received" with nothing further. J.A. 411, 413. Because the contracting officer merely acknowledged receipt, it was reasonable for the Board to conclude that Nauset could not have reasonably believed that the contracting officer was reconsidering her decision based on Nauset's request for reconsideration or the officer's emails. Further, while the government counsel told

Nauset's attorney eleven days after the termination notice that it was possible that the termination for default could be converted to a termination for convenience, the record—including an affidavit by Nauset's attorney—does not indicate that the counsel had any further communication or that the contracting officer was involved in any such conversation. As such, the evidence supports the Board's finding that the statement by government counsel was not sufficient to indicate that the contracting officer was reconsidering the decision.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Board dismissing Nauset's appeal.

**AFFIRMED**

### COSTS

No costs.